IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 08-195 T
(Judge Charles F. Lettow)

_____

DOMINION RESOURCES, INC.,

                                  Plaintiff,

v.

THE UNITED STATES,

                                  Defendant.

_____

**ANSWER**
_____

Defendant, the United States, hereby answers plaintiff's complaint in the above captioned case. Defendant denies each and every allegation that is not specifically admitted below.

Defendant further:

1. Admits the allegations of paragraph 1, except that defendant lacks knowledge or information sufficient to form a belief as to whether the Court has jurisdiction over the complaint.

2. Admits the allegations of paragraph 2.

3. Avers that the name that appeared on plaintiff's 1996 Form 1120 was Dominion Resources, Inc. and Subsidiaries. Avers that the address listed on plaintiff's 1996 Form 1120 was P.O. Box 26532, Richmond, VA 23261. Admits that plaintiff's taxpayer identification number is 54-1229715. Admits that plaintiff's 1996 Form 1120 reported corporate

      income tax paid in the amount of $186,802,387 towards a reported liability of $137,706,282, resulting in a reported overpayment of $49,168,615, for which an election was made on the return to credit the reported overpayment to the 1997 tax year. Admits that plaintiff's 1996 Form 1120 was filed with the IRS District Office in Richmond, VA.

4.   Avers that plaintiff's federal income tax transcript of account for 1996 indicates that plaintiff was assessed additional tax by the IRS Examination Division, in the amount of $84,599, on October 4, 1999, and that restricted interest was assessed on the same date in the amount of $19,214.23. Avers that plaintiff's transcript indicates that plaintiff made a payment in the amount of $103,813.23 that was credited to plaintiff's 1996 account on October 28, 1999. Avers that plaintiff's transcript indicates that plaintiff made advanced payment of a determined deficiency related to its 1996 tax year in the amount of $10,024,531 on September 25, 2000. Defendant lacks knowledge or information sufficient to form a belief as to the IRS office to which the September 25, 2000, payment was remitted.

5.   Admits that plaintiff signed Form 870-AD, *Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment,* on May 8, 2007, and that such form was countersigned by the IRS Appeals Team Case Leader on August 3, 2007. Admits that the IRS agreed on such form, that plaintiff had an overpayment of income tax related to the 1996 tax year in the amount of $9,564,577. Avers that plaintiff's federal income tax transcript of account for 1996 indicates that

$14,579,874.73 was refunded to plaintiff on October 23, 2007, and that such refund related to the following transactions:

| Date | Transaction | Amount |
|---|---|---|
| 4/29/2005 | Advance payment of determined deficiency | ($ 10,196.00) |
| 4/29/2005 | Designated payment of interest | ($ 7,754.00) |
| 10/23/2007 | Interest due to taxpayer | ($ 3,524,385.48) |
| 10/29/2007 | Restricted interest abatement | ($ 1,472,982.25) |
| 10/29/2007 | Abatement of tax by examination Division | ($ 9,564,557.00) |
| 10/23/2007 | Refund prior to settlement | $ 14,579,874.73 |

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. States that the allegations contained in paragraph 9 represent plaintiff's legal conclusions with respect to the timeliness of plaintiff's refund claim to which no response is required.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's statement in paragraph 11, that "all requirements of the Code have been met." Admits that, to the extent that this Court has jurisdiction to hear this suit, it arises under 28 U.S.C. § 1491, but defendant states that it lacks knowledge or information sufficient to form a belief as to whether the Court has jurisdiction.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. States that the allegations contained in paragraph 19 represent plaintiff's legal conclusions to which no response is required.

WHEREFORE, the complaint should be dismissed, with costs assessed against the plaintiff.

Respectfully submitted,

July 18, 2008                           s/ Jeffrey R. Malo
                                        JEFFREY R. MALO
                                        *Attorney of Record*
                                        *United States Department of Justice*
                                        *Tax Division*
                                        *Court of Federal Claims Section*
                                        *Post Office Box 26*
                                        *Ben Franklin Post Office*
                                        *Washington, D.C.  20044*
                                        *Voice: (202) 305-7539*
                                        *Fax:    (202) 514-9440*
                                        *Email: jeffrey.r.malo@usdoj.gov*

                                        NATHAN J. HOCHMAN
                                          *Assistant Attorney General*
                                        DAVID GUSTAFSON
                                          *Chief, Court of Federal Claims Section*
                                        MARY M. ABATE
                                          *Assistant Chief, Court of Federal Claims Section*

July 17, 2008                           s/ Mary M. Abate

                                        Of Counsel