IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 08-195 T
(Judge Charles F. Lettow)

_____

DOMINION RESOURCES, INC.,

                                                   Plaintiff,

v.

THE UNITED STATES,

                                                   Defendant.

_____

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AND COUNTERCLAIM

_____

Defendant, the United States, hereby answers plaintiff's amended complaint in the above captioned case. Although plaintiff did not move to amend its complaint in this matter, the Court ordered that the portion of plaintiff's "Response to Defendant's First Amended Answer and Counterclaim " that is entitled "Amendment to Plaintiff's Complaint" be filed as an amended complaint, as of November 9, 2009.

Defendant denies each and every allegation in the complaint and the amended complaint that is not specifically admitted below. Defendant further:

    1 - 19.    Restates and incorporates by reference herein its responses to paragraphs 1 through 19 of the complaint.

    20.    Admits the facts contained in paragraph 20.

21. Admits that plaintiff's estimate of the cost of the project was $11,026,000.00, and avers that this estimate was made in 1996.

22. Admits that DRI carried on its books a basis of associated property of $131,820,854.00 in 1996.

23. Admits the allegations contained in paragraph 23, and avers that the agreement was reached in 2007.

24. Denies the factual allegations contained in paragraph 24, and to the extent the allegations in paragraph 24 constitute legal conclusions states that no response is required.

25. States that the first sentence of paragraph 25 is a mathematical calculation, and the second sentence is a legal conclusion, neither of which requires a response.

## FIRST ADDITIONAL DEFENSE

26. The Court lacks subject matter jurisdiction over plaintiff's contention that the *de minimus* rule applies.

## COUNTERCLAIM

27. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401 and 28 U.S.C. § 1503.

28. On October 23, 2007, plaintiff was refunded $14,579,874.73 for the 1996 tax year consisting of $9,564,557.00 in tax and $1,472,982.25 in restricted interest, plus $3,524,385.48 interest thereon.

29. The amount of the refund for the 1996 tax year was the result of the

plaintiff-counterdefendant Dominion Resources, Inc. ("DRI") and the United States' agreement on the amount of the overassessment for 1996 in the Form 870-AD described in paragraphs 5 and 6 of the Complaint.

30. The amount of the overassessment was subject to terms and conditions expressed on the Form 870-AD.

31. Among those conditions, DRI reserved the right to timely file a claim for refund or prosecute a timely-filed claim to determine "[t]he amount of interest properly capitalized by the Internal Revenue Service under section 263 of the Internal Revenue Code of 1986, with respect to 'associated property', as defined in Treasury Regulation § 1.263A-11(e), and any correlative adjustments for the years 1995 through and including 1998."

32. Pursuant to that reservation of rights, on March 20, 2008, DRI filed suit in this Court alleging that the United States "erroneously increased the amount of interest expense plaintiff was required to capitalize by adding to the direct and indirect accumulated production expenditures . . . the basis of previously existing property . . . ."  DRI has alleged that the IRS erroneously disallowed $1,525,158.00 in interest expense properly deductible by plaintiff for 1996, and that this resulted in the IRS "erroneously denying plaintiff's claim for refund" in the amount of $297,699.00.

33. In determining "the amount of interest properly capitalized by the Internal Revenue Service under section 263 of the Internal Revenue Code of 1986," the United States has subsequently found that the IRS did not previously capitalize enough interest on associated property for DRI for the 1996 tax year.

34. The IRS should have disallowed an additional $1,664,816.00 in interest expense for tax year 1996.

35. As a result, plaintiff-counterdefendant owes the United States the additional tax and interest resulting from the correct calculation of capitalized interest on associated property, plus interest thereon allowed by law.

WHEREFORE, the complaint should be dismissed, and judgment should be entered in favor of the United States on its counterclaim.

                                Respectfully submitted,

November 17, 2009                    /s/ Carl D. Wasserman

                                CARL D. WASSERMAN
                                Attorney of Record
                                United States Department of Justice
                                Tax Division
                                Court of Federal Claims Section
                                Post Office Box 26
                                Ben Franklin Post Office
                                Washington, D.C.  20044
                                Voice: (202) 307-6587
                                Fax:   (202) 514-9440
                                Email: carl.wasserman@usdoj.gov

                                JOHN I. DiCICCO
                                  Acting Assistant Attorney General
                                STEVEN I. FRAHM
                                  Chief, Court of Federal Claims Section
                                MARY M. ABATE
                                  Assistant Chief, Court of Federal Claims Section

November 17, 2009                    /s/ Mary M. Abate
                                  Of Counsel